IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|   |   |
|---|---|
| *In re* Subpoena of American Nurses Association (*Kuznyetsov v. West Penn Allegheny Health Sys.*, No. 09-CV-379 (W.D. Pa.)). | Civil Action No. 11-cv-00408-AW |

**Memorandum Opinion**

The Plaintiff initially filed this action seeking to compel the American Nurses Association ("ANA") to comply with a subpoena issued by this Court to produce documents and give testimony in the case of *Kuznyetsov v. West Penn Allegheny Health Sys.*, No. 09-CV-379 (W.D. Pa.) ("underlying case"). The matter pending before the Court is the ANA's motion to transfer the Plaintiff's motion to compel to the Western District of Pennsylvania. *See* Doc. No. 16. The Court has reviewed the motion papers submitted by the Parties and finds that no hearing is necessary. For the reasons that follow, the Court will deny the ANA's motion.

Rule 45 gives a court issuing a subpoena full authority to enforce, quash, modify or condition the subpoena. *See* Fed. R. Civ. P. 45(c)(2)(B)(ii); *see also United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 485 (D. Md. 2002) ("The language of Rule 45 clearly contemplates that the court enforcing a subpoena will be the court that issued that subpoena."). While Rule 45 does not expressly provide for transfer, an issuing court has the discretion to transfer a subpoena-enforcement action to the court that is handling the underlying litigation. *See id.* at 485-87.

1

The ANA, while agreeing that the Court has the authority to transfer motions of this nature, contends that the Court lacks discretion to refuse a transfer request made by a non-party who is subject to a subpoena. The ANA relies upon *Pactel Personal Commc'ns v. JMB Realty Corp.*, 133 F.R.D. 137, 138 (E.D. Mo. 1990). *Pactel*'s authority for the proposition, however, is notably thin. *Pactel* derives its position from *dicta* in *Byrnes v. Jetnet Corp.*, 111 F.R.D. 68, 70 n.2 (M.D.N.C. 1986), which states that "[t]o the extent the non-party seeks a ruling by the court where the action is pending, it has been held the parties do not have a right to prevent transfer." In support of this claim, *Byrnes* cites a single case: *SEC v. Paradyne Corp.*, 601 F. Supp. 560, 561-62 n.1 (D. Md. 1985). However, the footnote from *Paradyne* says nothing whatsoever regarding the parties' lack of right to or this Court's lack of discretionary power to prevent transfer requested by a third party.[1] *See id.*

By contrast, courts in this and many other jurisdictions consistently assert discretion in deciding whether to transfer a motion to compel in subpoena-enforcement actions. *See, e.g.*, *Socialist Workers Party v. Att'y Gen. of U.S.*, 73 F.R.D. 699, 700-701 (D. Md. 1977); *Star Scientific*, 205 F. Supp. 2d at 485-87; *Paradyne*, 601 F. Supp. at 562-563; *In re Subpoenas Duces Tecum to Schneider Nat'l Bulk Carriers*, 918 F. Supp. 272, 273 (E.D. Wis. 1996); *Pactel*, 133 F.R.D. at 138; *Bank of Tex. v. Computer Statistics Inc.*, 60 F.R.D. 43, 45 (S.D. Tex. 1973). Given the admonition of Rule 1 that the Federal Rules ought to be construed so to "secure the just, speedy and inexpensive determination of every action," Fed. R. Civ. P. 1, this Court likewise

---

[1] Nor do any of the cases cited in the *Paradyne* footnote hold that the issuing court lacks the discretion to transfer a subpoena-enforcement action or that the parties lack the right to prevent such transfer. *See Westinghouse Elec. Corp. v. Rio Algom Ltd.*, 503 F. Supp. 33 (N.D. Ill. 1980); *Westinghouse Elec. Corp. v. Rio Algom Ltd.*, Misc. No. 79–0920 (D.D.C. July 3, 1980); *In re Subpoena to Ford Aerospace & Commc'n Corp.*, 27 Fed. R. Serv. 2d 402 (E.D. Pa. 1979); *Zinser v. Palmby*, 440 F. Supp. 1022 (D.D.C. 1977); *Lincoln Labs., Inc. v. Savage Labs., Inc.*, 27 F.R.D. 476 (D. Del. 1961).

sees no reason to embrace a *per se* rule that transfer requests of non-parties subject to subpoenas must be granted in every instance, irrespective of the costs in terms of fairness or efficiency.

Next, the Court considers whether it ought to exercise its discretion to transfer the action to the Western District of Pennsylvania. In considering whether or not to grant a request to transfer, the Court must carefully balance various factors bearing upon the relative suitability of each district as a fair and efficient forum for resolving the dispute. In making this determination, the Court must bear in mind that transfer under Rule 45 is the exception, not the rule: it is "reserved for the extraordinary, complex case in which the transferee court is plainly better situated to resolve the discovery dispute." *See In re Sealed Case*, 141 F.3d 337, 343 (D.C. Cir. 1998) (Henderson, J., concurring).

Not only are there no extraordinary circumstances that weigh in favor of transfer, but there are persuasive reasons to retain the case. Magistrate Judge William Connelly has ruled on a related subpoena dispute involving the ANA. *See In re Subpoena of Am. Nurses Ass'n (*Camesi v. Univ. of Pittsburgh Med. Ctr.*, No. 09-cv-85 (W.D. Pa.))*, No. 11-CV-406, Doc. No. 21. In fact, Judge Connelly held a hearing together for both *Camesi* and the present case because the subpoenas present strikingly similar issues. *See id.*, Doc. No. 20. Because Judge Connelly has already conducted a motions hearing, resolved a related motion to compel in *Camesi*, and is prepared to issue a ruling in this case, it would be inefficient to re-litigate these issues elsewhere.

Moreover, the ANA has been served with similar subpoenas issued by this Court in two dozen similar cases. *See* Doc. No. 20 at 3-5. The underlying cases in which these subpoenas were issued are pending in no fewer than seven separate jurisdictions. *See id.* Consequently, it seems most fair to the parties and conducive to the goal of uniformity for this Court to resolve the

discovery motions pertaining to all the subpoenas it has issued against the ANA, rather than transferring each motion to the various jurisdictions in which underlying cases remain pending. Thus, ANA's motion to transfer will be denied. A separate order will follow.

|    June 3, 2011    |        /s/        |
|---|---|
| Date | Alexander Williams, Jr. |
| | United States District Judge |